UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:

Matthew P. Shendell,

Debtor.
----------------------------------------------------X

**Hearing Date: September 15, 2026**
**Hearing Time: 10:30 a.m.**

Chapter 7

Case No. 26-40821 (ESS)

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the annexed motion, William K. Harrington, the United States Trustee for Region 2, will move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, New York, 11201, **on September 15, 2026 at 10:30 a.m.,** or as soon thereafter as counsel can be heard, for an order, substantially in the form annexed hereto as Exhibit A: (a) pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing Matthew P. Shendell, the above-captioned Debtor (the "Debtor"), (a) to appear for an examination on October 9, 2026, and to answer any and all questions relating to: (i) the acts, conduct or property or to the liabilities and financial condition of the Debtor's estate, or (ii) any matter which may affect the administration of the Debtor's estate, or (iii) the Debtor's right to a discharge, and (b) pursuant to Bankruptcy Rule 4004, extending the time for the United States Trustee to file a complaint under 11 U.S.C. § 727, objecting to the Debtor's discharge through and including October 30, 2026.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by September 8, 2026 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the

objection must also be mailed, so as to be received by the Objection Deadline, to the United States Trustee, at the Alexander Hamilton Custom House, One Bowling Green, Suite 510, New York, New York 10004, to the attention of Nazar Khodorovsky, Esq., Trial Attorney.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall be held by video or in person, as the Court deems appropriate. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ESS_Hearings@nyeb.uscourts.gov

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: New York, New York
July 21, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

***By:*** ***/s/ Nazar Khodorovsky***
Nazar Khodorovsky
Trial Attorney
One Bowling Green, Suite 510
New York, New York 10004
Tel. No. (212) 206-2580

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Matthew P. Shendell, | : | |
| | : | Case No. 26-40821 (ESS) |
| | : | |
| | : | |
| Debtor. | : | |

**MOTION OF THE UNITED STATES TRUSTEE PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER DIRECTING THE EXAMINATION OF THE DEBTOR, AND PURSUANT TO BANKRUPTCY RULE 4004, FURTHER EXTENDING THE DEADLINE TO FILE AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727**

TO: THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") for an order, substantially in the form annexed hereto as Exhibit A: (a) pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing Matthew P. Shendell, above-captioned Debtor (the "Debtor"), 1) to appear for an examination on October 9, 2026, and to answer any and all questions relating to: (i) the acts, conduct or property or to the liabilities and financial condition of the Debtor's estate, or (ii) any matter which may affect the administration of the Debtor's estate, or (iii) the Debtor's right to a discharge; and (b) pursuant to Bankruptcy Rule 4004, further extending the time for the United States Trustee to file a complaint under 11 U.S.C. § 727, objecting to the Debtor's discharge through and including October 30, 2026.

## I. JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of Title 11 of the United States Code, and Rules 1017(e), 2004, and 4004(b) of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND

**Commencement of the Debtor's Case**

The Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on February 19, 2026 (the "Petition Date"). *See* ECF Doc. No. 1. Alan Nisselson, Esq. (the "Trustee") was appointed as the interim trustee of the estate of the Debtor, and pursuant to 11 U.S.C. § 702(d), became the permanent trustee. On May 7, 2026, the Trustee and the United States Trustee examined the Debtor at a Section 341(a) meeting of creditors (the "May Meeting"). *See* Declaration of Nazar Khodorovsky in Support of the Motion (the "Khodorovsky Declaration"), ¶¶ 3, 4. The deadline to object to the Debtor's discharge under 11 U.S.C. § 727 has been set for July 22, 2026 (the "Deadline"). *See* ECF Doc. No. 23.

**Debtor's Petition, Schedules, Statement of Financial Affairs, and Means Test Form**

(a) Debtor's Assets

According to Schedule A/B, the Debtor owns no real property. *See* Schedule A/B, ECF Doc. No. 1. The Debtor's personal property assets aggregate $15,372.20. *See id*. The Debtor's personal property assets include, *inter alia*, (i) funds at various accounts at the United Nations Federal Credit Union ("UNFCU") aggregating over $8,300, (ii) sports memorabilia aggregating $1,000 in value, (iii) household goods and furnishings aggregating $3,500 in value, and (iv) electronics aggregating $1,500 in value. *See* Schedule A/B, ECF Doc. No. 1. On his Schedule

A/B and in response to question 27 of the Statement of Financial Affairs (the "SOFA"), the Debtor listed ownership interests in ten businesses entities (collectively, the "Businesses"), valued at $0 in the aggregate. *See id; see also*, SOFA, question 27, ECF Doc. No. 1. Nine of the ten Businesses were listed as being "inactive." *See* Schedule A/B, ECF Doc. No. 1.

(b) <u>Debtor's Liabilities</u>

According to Schedule D, the Debtor's secured creditor claims aggregate close to $90,000, and consist of (i) a real estate mortgage (on an undisclosed piece of property) and (ii) two vehicle leases. *See* Schedule D, ECF Doc. No. 1. According to Schedule E/F, the Debtor's priority unsecured creditor claims aggregate $493,000, and consist primarily of tax liabilities. *See* Schedule E/F, ECF Doc. No. 1. The Debtor's non-priority unsecured creditor claims aggregate over $19.34 million, of which over $14.5 million is owed to the U.S. Small Business Administration (the "SBA"). *See id.*

According to Schedule G, the Debtor is a party to a vehicle lease with Chase Auto Finance regarding a 2025 Land Rover vehicle. *See* Schedule G, ECF Doc. No. 1. According to Schedule H, the Businesses appear to be jointly liable with the Debtor on numerous liabilities. *See* Schedule H, ECF Doc. No. 1. According to the Debtor's Statement of Intention, the Debtor expects to retain a 2025 Range Rover Defender vehicle and continue making payments. *See* ECF Doc. No. 1.

(c) <u>Debtor's Income, Expenses, and Employment</u>

According to Schedules I and J and the SOFA, the Debtor is not married and has two minor children. *See* Schedules I, J, SOFA, ECF Doc. No. 1. According to Schedule I, the Debtor has been working for the last five months in hospitality at Meow Hospitality in Harrison, New Jersey, earning $11,180 per month. *See* Schedule I, ECF Doc. No. 1. The Debtor's additional sources of

income include: (i) $6,274 per month from RonBon LLC, (ii) $2,000 per month in consulting income earned from Luanos Tavern, (iii) $2,500 per month in consulting income earned from Hudson Hospitality, and (iv) $1,250 per month in consulting income earned from Seen Marketing. *See id.* The Debtor also noted in Schedule I that he expects to "have installment agreements for past due fiduciary taxes." *See id.*

According to the SOFA, the Debtor earned (i) $175,000 in gross wages and commissions in 2024, (ii) $275,000 in gross wages and commissions in 2025, and (iii) $20,000 in gross wages and commissions in 2026 (through the Petition Date). *See* SOFA, question 4, ECF Doc. No. 1. The Debtor listed no other sources of income in the SOFA. *See* SOFA, questions 4, 5, ECF Doc. No. 1.

According to Schedule J, the Debtor's expenses aggregate $15,650 per month, leaving him with a monthly surplus of $5,138. *See* Schedule J, ECF Doc. No. 1. The Debtor's expenses include, *inter alia*, (i) entertainment and recreation expenses of $1,000 per month, (ii) vehicle payments of $1,500 per month, and (iii) alimony / maintenance / support payments of $5,250 per month. *See* Schedule J, ECF Doc. No. 1. In the Schedule J, the Debtor noted that his past "due fiduciary taxes will require a substantial monthly payment" and that he will also "have to start funding college for [his] children." *Id.*

(d) Gifts, Losses and Transfers

In response to question 6 of the SOFA, the Debtor did not disclose any payments of $8,575 or more made to any creditors during the period of ninety days preceding the Petition Date. *See* SOFA, question 6, ECF Doc. No. 1. In response to questions 7 and 8 of the SOFA, the Debtor did not disclose any payments or transfers made to insiders during the period of one year preceding the Petition Date. *See* SOFA, questions 7, 8. In response to questions 13 and 14 of the SOFA, the

Debtor averred that he had made no gifts or charitable contributions to anyone in amounts exceeding $600 per recipient within two years preceding the Petition Date. *Id.*, questions 13, 14. In response to question 18 of the SOFA, the Debtor stated that in December 2025 he sold stock in Ains Brooklyn LLC to "H. Sudol" in exchange for "assumption of debt." *Id.*, question 18. In response to question 15 of the SOFA, the Debtor disclosed no losses due to theft, fire, disaster, or gambling. *Id.*, question 15.

**United States Trustee's Investigation of the Debtor's Case**

On March 13, 2026, counsel to the United States Trustee sent a letter to the Debtor's counsel (the "March Letter") requesting that the Debtor's counsel provide to the United States Trustee, *inter alia*, (a) copies of the Debtor's business and personal 2023, 2024 and 2025 tax returns and (b) copies of the Debtor's business and personal bank statements for a period of two years preceding the Petition Date (collectively, the "Requested Documents"). *See* Khodorovsky Decl., ¶ 5. By electronic mail messages dated April 8, 2026 and April 9, 2026, the Debtor's counsel provided the Requested Documents to the United States Trustee. *See* Khodorovsky Decl., ¶ 6.

A review of the bank account statements provided with the Requested Documents reveals that the Debtor and/or entities owned or controlled by the Debtor undertook, *inter alia*, the following transactions:

| DATE | BANK | LAST 4 DIGITS OF THE ACCOUNT NUMBER | ACCOUNT HOLDER | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| 1/6/2025 | UNFCU | 0002 | Matthew Shendell | Deposit | $38,307 |
| 1/17/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $15,000 |
| 4/9/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $25,000 |
| 4/9/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $4,311.85 |

| DATE | BANK | LAST 4 DIGITS OF THE ACCOUNT NUMBER | ACCOUNT HOLDER | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| 4/14/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $3,500 |
| 5/15/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit 115A KING LLC TD BANK NA | $4,000 |
| 10/8/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit Beth L Shendell Hilton S Shendell National Financial Service | $10,000 |
| 11/12/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit Beth L Shendell Hilton S Shendell National Financial Service | $30,000 |
| 11/13/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $2,900 |
| 11/13/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $4,674.13 |
| 12/4/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $9,000 |

*See* Khodorovsky Decl., ¶ 7.

On November 10, 2023, the Debtor, his capacity as a member of 115A King LLC, executed a consolidation, extension, and modification agreement regarding a mortgage on certain real property (the "Agreement") located at 115A King Street, Brooklyn, New York. A copy of a relevant excerpt from the Agreement (redacted so as to comply with Bankruptcy Rule 9037) is annexed hereto as Exhibit B. Debtor's interests in 115A King LLC are not included among the business ownership interests disclosed in Debtor's Schedule A/B and the SOFA. On the pay statements filed on the electronic case docket in this case, the Debtor's address is listed as 115A King Street, Brooklyn, New York. *See* ECF Doc. No. 5.

## III. ARGUMENT

### A. The Rule 2004 Motion Should Be Granted.

Fed. R. Bankr. P. 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or

financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of parties in interest to conduct Bankruptcy Rule 2004 examinations and have held that the permitted scope of that examination is extremely broad. *See, e.g., In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)). Bankruptcy Rule 2004 further permits the Court to order the production of documentary evidence relating to the property and financial condition of debtors, or to any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(c).

"Good cause" is the standard employed to determine if the Court should grant a motion for an examination under Fed. R. Bankr. P. 2004. To obtain authority to conduct an examination, the movant must show "some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D.Ill.1989); *see also In re Wilcher*, 56 B.R. 428, 434-35 (Bankr.N.D.Ill.1985) ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered"); *accord In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D.Tex. 1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (same); *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993).

"[H]owever, the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." *Wilcher*, 56 B.R. at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request

should be denied." *Express One*, 217 B.R. at 217. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond*, 140 B.R. at 201.

Consistent with the United States Trustee's authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(5), discovery in this matter is necessary to obtain detailed information regarding the Debtor's pre-petition transactions, income, expenses, assets, and liabilities. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 384 (Bankr. W.D. Pa. 2008) (holding that the United States Trustee has the statutory authority under section 307 of the Bankruptcy Code to conduct 2004 examinations).

In this case, the investigation of the Debtor's financial affairs has revealed certain troubling issues. First, the bank statements for the Debtor's UNFCU account appear to indicate that, during the period of a little over one year prior to the Petition Date, the Debtor made extensive wire transfers to undisclosed parties. Second, the Debtor's current (or former) interests in 115A King LLC were not disclosed by the Debtor in his Schedules and SOFA. Discovery under Bankruptcy Rule 2004, therefore, would allow the United States Trustee to investigate these issues further, including any connections between the Debtor, the Businesses, 115A King LLC, and the recipients of the funds disclosed in the Requested Documents.

Consequently, "good cause" exists for the Court to issue an order directing the Debtor to appear for an oral examination under oath pursuant to Federal Rule of Bankruptcy Procedure 2004. The United States Trustee requests that the Court enter the annexed order authorizing the United States Trustee to conduct an oral examination of the Debtor, pursuant to Bankruptcy Rule 2004, to be held on October 9, 2026 by video conference or telephonic conference.

**B. The United States Trustee's Time to Object to the Debtor's Discharge Should Be Extended.**

Given the issues that the United States Trustee has identified, it is possible that sufficient cause may exist to seek to deny the Debtor's discharge under 11 U.S.C. § 727.[1] Specifically, there are concerns as to whether the Debtor can satisfactorily explain his financial affairs prior to the Petition Date, as wells as his income, earnings, and financial transactions. Oral examination of the Debtor under oath pursuant to Bankruptcy Rule 2004 is necessary to determine whether the United States Trustee may have claims against the Debtor under 11 U.S.C. § 727.

Bankruptcy Rule 4004(b) provides that the Court may, for cause, extend the time to file a complaint objecting to discharge under 11 U.S.C. § 727. Once further examination of the Debtor pursuant to Bankruptcy Rule 2004 has been conducted, the United States Trustee expects to have sufficient information in order to make a reasoned decision as to whether to file a complaint under 11 U.S.C. § 727. For these reasons, the United States Trustee respectfully asks the Court to extend the Deadline through October 30, 2026.

## IV. CONCLUSION

WHEREFORE, the United States Trustee requests the entry of an order substantially in the form annexed hereto as Exhibit A: (a) pursuant to Bankruptcy Rule 2004, directing the Debtor, (1) to appear for an examination on October 9, 2026, and to answer any and all questions relating to: (i) the acts, conduct or property or to the liabilities and financial condition of the Debtor's estate, or (ii) any matter which may affect the administration of the Debtor's estate, or (iii) the Debtor's right to a discharge, and (b) pursuant to Bankruptcy Rule 4004, further

[1] The United States Trustee has standing to file a complaint to deny the Debtor's discharge. Section 727(c)(1) provides, in pertinent part, that the "trustee, a creditor or *the United States trustee* may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c)(1) (emphasis added).

extending the time for the United States Trustee to file a complaint under 11 U.S.C. § 727, objecting to the Debtor's discharge through October 30, 2026, and (c) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 21, 2026

Respectfully Submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE, REGION 2

By: */s/ Nazar Khodorovsky*
Nazar Khodorovsky
Trial Attorney
One Bowling Green, Suite 510
New York, New York 10004
(212) 206-2580

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| Matthew P. Shendell, | Case No. 26-40821 (ESS) |
| Debtor. | |

**DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER DIRECTING THE EXAMINATION OF THE DEBTOR AND, PURSUANT TO BANKRUPTCY RULE 4004, EXTENDING THE DEADLINE TO FILE AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727**

Pursuant to 28 U.S.C. § 1746, Nazar Khodorovsky, declares as follows:

1) I am a Trial Attorney with the Office of the United States Trustee for Region 2. I am assigned to oversee this matter, and I have knowledge and information about this bankruptcy case. I submit this Declaration in support of the United States Trustee's motion pursuant to Bankruptcy Rule 2004 for an order directing the examination of the Debtor, and pursuant to Bankruptcy Rule 4004, extending the deadline to file an objection to discharge under 11 U.S.C. § 727.

2) On February 19, 2026 (the "Petition Date"), Matthew P. Shendell (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3) On May 7, 2026, Alan Nisselson, Esq., the chapter 7 trustee appointed in this case (the "Trustee"), conducted a Section 341(a) meeting of creditors in the Debtor's case (the "May Meeting").

4) The Trustee and the United States Trustee examined the Debtor under oath at the May Meeting.

5) On March 13, 2026, counsel to the United States Trustee sent a letter to the Debtor's counsel (the "March Letter") requesting that the Debtor's counsel provide to the United States Trustee, *inter alia*, (a) copies of the Debtor's business and personal 2023, 2024 and 2025 tax returns and (b) copies of the Debtor's business and personal bank statements for a period of two years preceding the Petition Date (collectively, the "Requested Documents").

6) By electronic mail messages dated April 8, 2026 and April 9, 2026, the Debtor's counsel provided the Requested Documents to the United States Trustee.

7) A review of the bank account statements provided with the Requested Documents reveals that the Debtor and/or entities owned or controlled by the Debtor undertook, *inter alia*, the following transactions:

| DATE | BANK | LAST 4 DIGITS OF THE ACCOUNT NUMBER | ACCOUNT HOLDER | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| 1/6/2025 | UNFCU | 0002 | Matthew Shendell | Deposit | $38,307 |
| 1/17/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $15,000 |
| 4/9/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $25,000 |
| 4/9/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $4,311.85 |
| 4/14/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $3,500 |
| 5/15/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit 115A KING LLC TD BANK NA | $4,000 |
| 10/8/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit Beth L Shendell Hilton S Shendell National Financial Service | $10,000 |
| 11/12/2025 | UNFCU | 0002 | Matthew Shendell | Domestic Wire Deposit Beth L Shendell Hilton S Shendell National Financial Service | $30,000 |
| 11/13/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $2,900 |
| 11/13/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $4,674.13 |
| 12/4/2025 | UNFCU | 0002 | Matthew Shendell | Withdrawal Outgoing Wire | $9,000 |

I declare under the penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
July 21, 2026

*/s/ Nazar Khodorovsky*
Nazar Khodorovsky

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Matthew P. Shendell, | : | Case No. 26-40821 (ESS) |
| Debtor. | : | |

**ORDER (I) DIRECTING THE EXAMINATION OF THE DEBTOR PURSUANT TO BANKRUPTCY RULE 2004 AND (II) FURTHER EXTENDING THE DEADLINE TO FILE AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727**

Upon the Motion of the United States Trustee for an Order (I) Directing the Examination of the Debtor Pursuant to Bankruptcy Rule 2004 and (II) Further Extending the deadline to object to the Debtor's discharge under 11 U.S.C. § 727 (the "Motion") and the hearing having been held on the Motion; proper notice of the Motion having been given; and good cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtor shall appear for an examination under oath via video conference or telephonic conference on October 9, 2026 at 9:30 a.m. (the "Examination Date") or such other date as may be mutually agreed to prior to the Examination Date, to answer any and all questions relating to the acts, conduct or property or to the liabilities or financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate; and it is further

ORDERED, that if the Examination Date is rescheduled, the Debtor shall appear on a new date and time (the "Rescheduled Examination Date") to be scheduled by the United States Trustee, after reasonable consultation with the Debtor; and it is further

ORDERED, that the United States Trustee shall give the Debtor at least seven days' notice of the Rescheduled Examination Date and that notice is proper if at least seven days prior to the Rescheduled Examination Date the United States Trustee notifies Debtor's counsel by electronic mail message of the Rescheduled Examination Date; and it is further

ORDERED, that the examination will continue from day to day, excluding Saturdays, Sundays, and legal holidays, until completed; and it is further

ORDERED, that the time for the United States Trustee to object to the Debtor's discharge pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004(b) is hereby extended through and including October 30, 2026; and it is further

ORDERED, that the United States Trustee may seek an extension of this deadline upon a further showing of cause.

# EXHIBIT B

**When recorded, return to:**
**Cliffco, Inc. dba Cliffco Mortgage Bankers**
**C/O DocProbe**
**Attn: Final Document Department**
**1820 Swarthmore Avenue**
**P.O. Box 928**
**Lakewood, NJ 08701**

**This document was prepared by:**
**John Bienkowski**
**Cliffco, Inc. dba Cliffco Mortgage Bankers**
**70 Charles Lindbergh Blvd., Suite 200**
**Uniondale, NY 11553**
**516-874-6452**

**Title Order No.: 23-002943NY**

**LOAN #: [redacted]3833**

**MIN: [redacted]666-3**
**MERS PHONE #: 1-888-679-6377**

[Space Above This Line For Recording Data]

# CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT

**WORDS USED OFTEN IN THIS DOCUMENT**

**(A) "Agreement."** This document, which is dated **November 10, 2023** and exhibits and riders attached to this document will be called the "Agreement."

**(B) "Borrower." 115A KING LLC**

will be called "Borrower" and sometimes "I" or "me." Borrower's address is **1458 212th Street, Bayside, NY 11360.**

**(C) "Lender." Cliffco, Inc. dba Cliffco Mortgage Bankers, a Corporation**

will be called "Lender" and sometimes "Note Holder." Lender is a corporation or association which exists under the laws of **the state of New York.** Lender's address is **70 Charles Lindbergh Blvd., Suite 200, Uniondale, NY 11553.**

**(D) "Mortgages."** The mortgages, deeds of trust, or other security instruments and any additional security instruments and related agreements (such as assignments, extensions, modifications, or consolidations of mortgages) identified in Exhibit A to this Agreement will be called the "Mortgages."

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, and a street address of 11819 Miami Street, Suite 100, Omaha, NE 68164. The MERS telephone number is (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS AGREEMENT, MERS IS THE MORTGAGEE OF RECORD.**

**(F) "Note Holder."** Lender or anyone who succeeds to Lender's rights under this Agreement and who is entitled to receive the payments I agree to make under this Agreement may be called the "Note Holder."

**(G) "Notes."** The Notes which are identified in Exhibit A to this Agreement, and which are secured by the Mortgages, will be called the "Notes."

**(H) "Property."** The property which is described in the Mortgage(s) and in Exhibit B (Property Description) to this Agreement, will be called the "Property." The Property is located at:

**115A King Street**
[Street]

| | | |
|---|---|---|
| **Brooklyn** | **Kings** | **NY, 11231** |
| [City] | [County] | [State and Zip Code] |

Initials: MS

LOAN #: [redacted]3833

I promise and I agree with Lender as follows:

## I. BORROWER'S AGREEMENT ABOUT OBLIGATION UNDER THE NOTES AND MORTGAGES

I agree to take over all of the obligations under the Notes and Mortgages as consolidated and modified by this Agreement as Borrower. This means that I will keep all of the promises and agreements made in the Notes and Mortgages even if some other person made those promises and agreements before me. The total unpaid principal balance of the Notes is U.S. **$1,956,500.00** of this amount, U.S. **$356,500.00** was advanced to me (or for my account) immediately prior to this consolidation.

## II. AGREEMENT TO COMBINE NOTES AND MORTGAGES

(A) By signing this Agreement, Lender and I are combining into one set of rights and obligations all of the promises and agreements stated in the Notes and Mortgages including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages. This means that all of Lender's rights in the Property are combined so that under the law Lender has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. This combining of notes and mortgages is known as a "Consolidation."

(B) In the event that Exhibit A indicates that all of the Notes and Mortgages have already been combined by a previous agreement, the Lender and I agree to change the terms of Section II, paragraph (A) of this Agreement to the following:

> Lender and I agree that all of the promises and agreements stated in the Notes and Mortgages – including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages – have been combined into one set of rights and obligations by an earlier agreement which is referred to in Exhibit A. This means that all of the Lender's rights in the Property have already been combined so that under the law Lender already has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. The combining of notes and mortgages is known as a "Consolidation."

## III. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED NOTE

Lender and I agree that the terms of the Notes are changed and restated to be the terms of the "Consolidated Note" which is attached to this Agreement as Exhibit C. The Consolidated Note contains the terms of payment for the amounts that I owe to Note Holder. I agree to pay the amounts due under the Notes in accordance with the terms of the Consolidated Note. The Consolidated Note will supersede all terms, covenants, and provisions of the Notes.

## IV. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED MORTGAGE

Lender and I agree that the terms of the Mortgages are changed and restated to be the terms of the "Consolidated Mortgage" which is attached to this Agreement as Exhibit D. The Consolidated Mortgage secures the Consolidated Note and will constitute in law a single lien upon the Property. I agree to be bound by the terms set forth in the Consolidated Mortgage which will supersede all terms, covenants, and provisions of the Mortgages.

## V. NO SET-OFF, DEFENSES

I agree that I have no right of set-off or counterclaim, or any defense to the obligations of the Consolidated Note or the Consolidated Mortgage.

## VI. BORROWER'S INTEREST IN THE PROPERTY

- ☐ I promise that I am the lawful owner occupying the Property and that I have the right to consolidate, modify, and extend the Notes and Mortgages.
- ☒ I promise that I am the lawful owner of the Property and that I have the right to consolidate, modify, and extend the Notes and Mortgages.

## VII. WRITTEN TERMINATION OR CHANGE OF THIS AGREEMENT

This Agreement may not be terminated, changed, or amended except by a written agreement signed by the party whose rights or obligations are being changed by that agreement.

## VIII. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S OR LENDER'S RIGHTS OR OBLIGATIONS

If more than one person signs this Agreement as Borrower, each of us is fully and personally obligated to keep all of Borrower's promises and obligations contained in this Agreement. The Note Holder may enforce its rights under this Agreement against each of us individually or against all of us together.

The terms of the Consolidated Note and the Consolidated Mortgage may not allow any person to take over my rights or obligations under this Agreement. Lender and I agree that if any person is permitted to take over my rights and obligations under this Agreement, that person will have all of my rights and will be obligated to keep all of my promises and agreements made in this Agreement. Similarly, any person who takes over Lender's rights or obligations under this Agreement will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Agreement.

## IX. LIEN LAW

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will (A) hold all amounts which I receive and which I have a right to receive from Lender under the Consolidated Note as a "trust fund," and (B) use those amounts to pay for "cost of improvement" (as defined in the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section IX.

Initials: ____________

LOAN #: [redacted]3833

**X. TYPE OF PROPERTY**
Check box(es) as applicable.

☐ This Agreement covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
☒ This Agreement covers real property improved, or to be improved, by a one (1) or two (2) family dwelling.
☐ This Agreement does not cover real property improved as described above.

By signing this Agreement, Lender and I agree to all of the above.

**Cliffco, Inc. dba Cliffco Mortgage Bankers .**

**BY:** Michele Sclafani
Michele Sclafani, Asst. Vice President **(Lender)**

**Mortgage Electronic Registration Systems, Inc.:**

**By:** ______________ **(Mortgagee)**
Samantha Cardinal, Vice President

**115A KING LLC**

**BY MATTHEW SHENDELL, AS MEMBER OF 115A KING LLC** 11/10/23 **DATE**

**--------------------------------------------[Space Below This Line For Acknowledgment]--------------------------------------------**

**State of NEW YORK** )
) **SS:**
**County of NEW YORK** )

**On the 10th day of NOVEMBER in the year 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared MATTHEW SHENDELL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the Instrument, the individual(s), or the person upon behalf of which the individual (s) acted, executed the instrument.**

Irene Lawrence
**Notary Public State of** Suffolk
Suffolk **County**

**My commission expires:** 9/9/26

IRENE LAWRENCE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LA6080179
Qualified in New York County
Commission Expires September 9, 2026

**Initials:** ______

LOAN #: [redacted]3833

State of New York )
) ss.:
County of Nassau )
On the 10 day of November in the year 2023 before me, the undersigned, a Notary Public in and for said State, personally appeared Michele Sclafani and Samantha Cardinal

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/theircapacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

My Commission Expires: 1/20/24

DONNA SHUMAN
Notary Public, State of New York
No. 01SH6104327
Qualified in Queens County
Commission Expires January 20, 2024

Lender: Cliffco, Inc. dba Cliffco Mortgage Bankers
NMLS ID: 65328
Loan Originator: Christian Nguyen
NMLS ID: 958635

Initials: MS